UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GORRIO<br><br>Plaintiff,<br><br>v.<br><br>C.O. SHEFFER, *et al*.<br><br>Defendants. | Civil Action No. 15-312 ERIE<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I. INTRODUCTION

Plaintiff Michael Gorrio is an inmate who currently resides at Pennsylvania State Correctional Institution ("SCI")-Greene. Prior to residing at SCI-Greene, Plaintiff was housed at SCI-Forest. Plaintiff alleges that while he was housed at SCI-Forest, he was assaulted by his cellmate and that various SCI-Forest employees failed to protect him from the assault. As a result, on December 28, 2015, Plaintiff instituted this *pro se* action pursuant to 42 U.S.C. § 1983, against Corrections Officers Sheffer, Jackson, and Wells, Psychologist Dr. Bloom, Unit Manager Blicha, and Sargent Hollis. Plaintiff claims that each of these Defendants violated his rights under the First and Eight Amendments to the United States Constitution by failing to protect him from the assault, and for retaliating against him for exercising his constitutional rights. In addition, Plaintiff alleges a state law claim of intentional infliction of emotional distress against Dr. Bloom.

On November 9, 2017, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies with regard to his claims. Dkt. No. 49. Currently before the Court is the Report and Recommendation of Magistrate Judge Baxter in which she recommends that this Court grant in part and deny in part Defendants' motion for summary judgment. Dkt. No. 64. Plaintiff timely filed objections to the Report and

1

Recommendation. Dkt. No. 67. Having reviewed the Report and Recommendation, the objections thereto, the record of the case, and the relevant legal authority, the Court will adopt the recommendations of Magistrate Judge Baxter.

## II. BACKGROUND

Plaintiff alleges that beginning in September, 2015, he informed Corrections Officers Sheffer, Wells, Jackson, and Unit Manager Blicha that his cellmate had threatened to kill him in his sleep. He claims that these individuals refused to transfer him to another cell. Thereafter, Plaintiff alleges, on October 3, 2015, his cellmate attacked him while he was sleeping. He further alleges that the attack continued for several hours before he was able to flee to the block-yard where Corrections Officer Wells sent him to the medical ward. Plaintiff claims that he received medical treatment and, per his request, he was taken to see Dr. Bloom, a psychologist, on October 5 and 6, 2015 to discuss the anxiety he was dealing with as a result of the assault. According to Plaintiff, Dr. Bloom did not take his concerns seriously.

On October 23, 2015, Plaintiff filed a grievance ("Grievance #593659") with the prison facility. In it, he alleges that he informed Corrections Officer Sheffer that his cellmate was threatening him, but that Sheffer refused to move Plaintiff out of his cell. Specifically, he claims that Sheffer told him "to deal with it, I'm not moving anyone." Dkt. No. 51, Ex. 3 at 2. He also complained about how Dr. Bloom treated him, claiming that Dr. Bloom "told him she did not have time for this and he was the boy who cried wolf" then told him to get of her office. *Id*. While Plaintiff mentions Corrections Officers Wells in the grievance, he does not raise an objection with regard to him. He also states in the grievance that he spoke to Sargent Gradley, Sargent Balto, and Unit

Manager Blicha prior to submitting the grievance, but again, he does not raise specific allegations against these individuals. No other SCI-Forest employee is mentioned in the grievance.[1]

Dave Perry, one of the Unit Managers, reviewed Grievance #593659, reviewed Plaintiff's medical records, and interviewed Corrections Officer Sheffer and Unit Manager Blicha. Mr. Perry reported his findings as follows:

> Per [Corrections Officer] Sheffer, inmate Gorrio was offered Protective Custody when he reported issues with his cellmate but chose not to take it. Unit [M]anager Blicha reported speaking to Inmate Gorrio several time [*sic*] and at no time did [Plaintiff] report any issues to him. I have reviewed inmate Gorrio's medical file with Mrs. Smith the Medical Supervisor and he was seen and an X-Ray was ordered for his face. He has been seen several times since the assault with no complaints from him. I have reviewed the ICAR notes on inmate Gorrio from Psychology and he was assessed for a Z code and denied, he [*sic*] was seen by Dr. Bloom several times and offered treatment for his anxiety which he refused.
>
> Based on the information listed above, this Grievance is denied. Inmate Gorrio is clearly trying to force this institution into giving him a Z code. Inmate Gorrio has been assessed by Psychology and until staff and was found to not require a Z code. Inmate Gorrio is encouraged to find someone whom he is comfortable with and sign a cell agreement. He is also encouraged to accept treatment when offered for his anxiety.

*Id*. Therefore, Mr. Perry denied the grievance. Defendants allege that Plaintiff did not appeal the decision to the facility manager or superintendent; Plaintiff claims he did.

In addition, Plaintiff claims that on November 30, 2015, Corrections Officer Sheffer and Sargent Hollis confiscated a complaint and other legal material he had drafted as a result of the assault and alleged actions by the Defendants. Dkt. No. 5 ¶ 27. He alleges that Sheffer and Hollis took his materials to prevent him from filing the instant lawsuit, in violation of his First Amendment rights. *Id*. at ¶ 35. However, Defendants allege (and Plaintiff does not dispute) that Plaintiff never filed a grievance regarding the alleged confiscation of his legal materials. Dkt. No. 51, Ex. 1 ¶ 24.

---

[1] There appears to be a reference to "CO Barnyard" but the reference is fleeting with no allegations raised against this individual.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), *quoting* Fed. R. Civ. P. 56. *See also Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

The nonmoving party may oppose the motion "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex*, 477 U.S. at 324; *Garcia v. Kimmell*, 381 F. App'x 211, 213 (3d Cir. 2010) quoting *Podobnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue."). In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted).

In addition, *pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of

4

legal theories, poor syntax and sentence construction, or a litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982). Under these liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997) *overruled on other grounds by Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001). However, the traditional flexibility toward *pro se* pleadings does not require the court to indulge evidentiary deficiencies. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 249 (3d Cir. 2013) *citing Brooks v. Kyler*, 204 F.3d 102, 108 n. 7 (3d Cir. 2000) (indicating that *pro se* litigants still must present at least affidavits to avoid summary judgment).

### IV. DISCUSSION

As stated above, Defendants move for summary judgment on Plaintiff's claims, asserting that he failed to exhaust his administrative remedies with respect to those claims. In support of their argument, Defendants submit an affidavit from Lisa Reeher, the Facilities Grievance Coordinator at the Pennsylvania Department of Corrections, in which she states that Plaintiff only filed one grievance, Grievance #593659, during the relevant timeframe alleged in the complaint. Dkt. No. 51, Ex. 1 ¶ 18. Ms. Reeher further asserts that the grievance was denied by the Unit Manager and that Plaintiff did not appeal the decision. *Id*. at ¶¶ 11, 13-17. Therefore, Defendants argue, Plaintiff failed to exhaust his administrative remedies with respect to this claim. Ms. Reeher further declares that Plaintiff did not file a grievance regarding Defendants Jackson, Wells, Hollis, or Blicha generally, nor did he file a grievance alleging that his legal materials were confiscated. *Id*. at ¶¶ 23-24.

In response to Defendants' Summary Judgment Motion, Plaintiff asserts that he did, in fact, attempt to appeal the denial of Grievance #539659 to the Superintendent on November 9, 2015, and to final review on December 10, 2015, but received no response to either appeal. In support of this assertion, Plaintiff submits copies of the appeal documents he claims he

5

submitted, along with a copy of an inmate request on December 7, 2015, requesting the status of his grievance appeal to the Superintendent. Dkt. No. 52.

Thus, based on the evidence of record, the Magistrate Judge determined that there is a genuine issue of material fact as to whether Plaintiff exhausted his administrative remedies regarding the claims set forth in Grievance #593659, and recommends that this Court deny Defendants' summary judgment motion with respect to those claims. Specifically, Magistrate Judge Baxter recommends that Defendants' motion be denied as to Plaintiff's Eighth Amendment failure to protect claim against Defendant Sheffer and his intentional infliction of emotional distress claim against Dr. Bloom. Dkt. No. 57-3 at 17-18. However, Magistrate Judge Baxter further determined that Plaintiff failed to exhaust his administrative remedies as to all other claims and all other Defendants and, therefore, recommends that this Court grant summary judgment in favor of Defendants as to Plaintiff's remaining claims.

Plaintiff objects to Magistrate Judge Baxter's recommendation on two grounds. First, Plaintiff objects to the Magistrate Judge's recommendation that this Court dismiss Corrections Officer Jackson from this case. In support of his contention that his claim against Jackson survives Defendants' summary judgment motion, Plaintiff submits an affidavit from a fellow prisoner who declares that he witnessed Plaintiff tell Jackson that Plaintiff had been threatened by his cellmate. According to Plaintiff, this substantiates "Jackson's involvement in [the] claims." Dkt. No. 67 at 3. Plaintiff misses the point. It is not sufficient that he allegedly raised his concerns with Jackson and that Jackson allegedly did not act appropriately; rather, Plaintiff must file a grievance against Jackson so that the claim may be administratively exhausted. The purpose of filing the grievance is to give the Department of Corrections "an opportunity to correct its own mistakes with respect to programs it administers before it is haled into federal

court." *Woodford v. NGO*, 548 U.S. 89 (2006) (*quoting McCarthy v. Madigan*, 503 U.S. 140, 145 (2006)). Here, Plaintiff's grievance is completely devoid of any reference to Jackson, therefore, the Department had no notice of Plaintiff's claim against him, nor an opportunity to investigate and correct, if necessary, Jackson's alleged actions or inactions. As such, Plaintiff failed to exhaust his claim against Jackson and it must be dismissed. *See Rosa-Diaz v. Dow,* 683 Fed. Appx. 103, 105-06 (3d Cir. 2017) (inmate procedurally defaulted on claim where grievance failed to name particular defendant in grievance).

Next, Plaintiff objects to Magistrate Judge Baxter's recommendation that his claims against Unit Manager Blicha be dismissed. Plaintiff points out that he listed Blicha in the grievance as one of the individuals he spoke to before he filed the grievance. Therefore, Plaintiff argues, Blicha is one of the "parties involved in Plaintiff's grievance." Dkt. No. 67 at 3. Once again, Plaintiff misses the point. It is not sufficient to simply mention an individual in a grievance to establish a claim against him or her; rather, a specific allegation must be asserted against the individual. As stated above, the only mention of Unit Manager Blicha in the grievance is that Plaintiff stated he spoke with Blicha *prior to filing the grievance*. Plaintiff does not allege that he spoke to Blicha prior to the alleged assault. Therefore, Plaintiff cannot maintain a claim against Blicha.

## V. CONCLUSION

For the forgoing reasons, the Court HEREBY ADOPTS the Report and Recommendation of Magistrate Judge Baxter [Dkt. No. 64] and GRANTS in part and DENIES in part Defendants' Motion for Summary Judgment [Dkt. No. 49]. The Motion is DENIED as to Plaintiff's Eighth Amendment failure to protect claim against Correctional Officer Sheffer, and Plaintiff's intentional infliction of emotional distress claim against Dr. Bloom, and GRANTED as to all

7

other claims and Defendants due to Plaintiff's failure to exhaust his administrative remedies as to those claims. Defendants Jackson, Wells, Blicha, and Hollis are DISMISSED from this case.

Dated this 9th day of April, 2018.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge